JUSTICE COTTER
dissents.
¶40 I dissent. I would conclude that the failure of counsel for Weaver to introduce the Catts’ entomological report constituted ineffective assistance of counsel. I would therefore reverse Weaver’s conviction and remand for a new trial.
¶41 As the Court notes at ¶ 33, the primary defense theory was that the State was wrong about the date of Fremou’s death. In support of this theory, Borg apparently elicited testimony from Crego that McKean’s weapon-which the State alleged was used by Weaver to kill Fremou-was pawned on October 11,2003. This was two days after the date the State claimed Weaver killed Fremou, but three days before the earliest date of death fixed by Catts. Thus, evidence of Catts’ conclusions would have radically undermined the State’s case.
¶42 Borg’s contention that, because Haskell might have been able to contradict the Catts’ report, the price of admission of the Catts’ report was too high, is unreasonable. With Catts’ report, the jury would have before it evidence from an expert renowned in his field that cast direct, objective, and scientific doubt on the date of death. Without it, the jury had only surmise. While the court may well have allowed Haskell to present his countervailing theory had the Catts’ report been introduced, so what? The jury would then be faced with reports from two respected experts which reached different conclusions about the date of Fremou’s death, one inculpatory of Weaver’s guilt and one exculpatory-in other words, reasonable doubt. Moreover, given that Dr. Catts was Dr. Haskell’s mentor, a fact known to Borg, it is highly likely that, while Haskell might have disagreed with Catts’ conclusions, he would have readily conceded Catts’ expertise and qualifications.
¶43 As we stated in Crawford v. State, 2003 MT 118, ¶ 18, 315 Mont. *453 480, ¶ 18, 68 P.3d 848, ¶ 18, jurors are naturally inclined to accord greater weight to objective scientific evidence than to the subjective observations of the non-scientist. The State’s case against Weaver was built upon circumstantial evidence and the testimony of a jailhouse snitch whose credibility was called into question through the testimony of witnesses. Moreover, as the Court concedes at ¶ 26, Crego made a number of concessions during cross-examination that supported the defense theory of reasonable doubt. The scientific evidence that Borg had at her fingertips would have substantially elevated the plausibility of her reasonable doubt argument. Borg had everything to gain and virtually nothing to lose by introducing the Catts’ report. Therefore, in my view, Borg’s decision not to introduce this evidence fell below the objective standard of reasonableness, and a reasonable probability does exist that, had she offered the Catts’ evidence, the result of the proceeding might well have been different. Clause.il, ¶ 19.
¶44 I would therefore conclude that Borg rendered ineffective assistance of counsel to Weaver, and I would reverse and remand for a new trial. I dissent from our refusal to do.
JUSTICE LEAPHART joins in the dissent of JUSTICE COTTER.